McKenna et al. v. The State Ins. Co.

1. **Fire Insurance:** PREMIUM NOTE: NOTICE WHEN DUE: SERVICE BY MAIL: WHEN COMPLETE. Under § 2, chap. 210, Laws of 1880, requiring insurance companies to give notice to the makers of premium notes of the time when they fall due, *held* that, when the notice is sent by registered letter, the service is complete when the letter is mailed, or, at the latest, when it should be received by due course of mail, at the post-office to which it is addressed, and not when it is actually taken from the office by the person to whom it is addressed.

*Appeal from Buchanan District Court*—HON. O. F. COUCH, Judge.

THURSDAY, DECEMBER 15.

ACTION upon a policy of fire insurance. There was a trial to the court, and judgment was rendered for the defendant. The plaintiffs appeal.

*E. E. Hasner*, for appellants.

*Lake & Harmon*, for appellee.

ADAMS, CH. J.—The policy in question was issued to the plaintiffs jointly, and covered a building and some personal property kept therein, which were afterwards destroyed by fire. The plaintiffs gave their promissory note for the premium, and the same, at the time of the loss, was due and unpaid. The policy contained a provision that, in case the premium was paid by note, the defendant should not be liable for any loss which should occur at a time when such note, or any part of it, should be due and unpaid. To enable an insurance company, however, to avail itself of this provision, it has been provided by statute that written notice of the maturity of the note shall be given to the assured; that " such notice may be served either personally, or by registered letter addressed to the insured at his post-office address, named in or on the policy, and no policy of insurance shall be suspended for non-payment of such amount until thirty days after such notice has been served." (Laws Iowa 1880, chap. 210, § 2.)

The question presented in this case is as to whether a notice was served, within the meaning of the statute, thirty days prior to the loss. The plaintiffs contend that notice was not thus served thirty days prior to the loss, and that, such being the fact, the policy had not become suspended. The defendant relies upon a service made by a registered letter. The facts pertaining to the service, as found by the court, are that no post-office was named in the policy, but that plaintiff Maroney resided at Masonville, Iowa, where the property insured was situated; that thirty days before the note matured, to-wit, September 1, 1882, the defendant sent from Des Moines a joint notice to both plaintiffs, addressed to them in a registered letter at Masonville, which letter was taken from the post-office by one of the plaintiffs, September 13, 1882; that a letter should reach, by due course of mail, Masonville from Des Moines by the second or third day after the mailing of the same. The loss occurred October 9, 1882, being less than thirty days from the time the notice was

taken from the post-office, but more than thirty days from the time the same reached the post-office, if the same arrived by due course of mail.   The plaintiffs do not, as we understand, dispute the validity of the service, but merely raise a question as to the time when the service should be deemed to have been made.   Their theory is that the service was made when the notice was taken by one of the plaintiffs from the post-office.   But, in our opinion, their position cannot be sustained.   The statute provides for two kinds of service.   One is called, in the statute, "personal service."   This is to be made, of course, by the actual delivery in some way of the notice to the insured.

If the plaintiff's position is correct, that the service by mail is not made until the actual delivery of the notice to the insured, then that service would be personal service, and it would follow that the provision for service by mail is superfluous.   It appears to us that the fair inference is that the legislature intended to provide for constructive notice, and that the service is to be deemed complete, either when the registered letter is mailed, or as soon thereafter as the letter should be received at the office of its destination by due course of mail.   If this is not so, the insured would be able wrongfully to prevent his policy from becoming suspended by omitting to call for mail at the office where the registered letter might be expected, or perhaps by refusing to take from the office a registered letter addressed to him.   It is contended that, as the insured is allowed thirty days in which to pay if the notice is delivered to him otherwise than by mail, we have a legislative determination of the length of time which the insured ought to have in any case after he is actually notified.   But we cannot attach much importance to this consideration.   In no case can the insured be required to pay sooner than he has agreed to pay.   The statute seems to have been enacted out of regard to the fact that the insured is liable not to bear in mind the date of the maturity of his note, and so might, through mere forgetfulness, be relying

upon insurance which had been suspended. It is so important to insurance companies, to enable them to sustain themselves, that they should be able to collect, with reasonable certainty and promptness, the money upon which they rely to pay losses, that we are reluctant to make any ruling which shall embarrass them in that respect.

We think that the judgment of the district court must be

AFFIRMED.