CRANSTON PRINT WORKS *vs.* JOHN J. WHALEN.

JANUARY 31, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)   *Notice to quit.   Service on wife.*

Service of the notice to quit upon the wife of a tenant is sufficient compliance with the requirements of the statute.

TRESPASS AND EJECTMENT. Heard on exceptions of defendant after denial of motion for new trial in the Superior Court, and exceptions overruled.

DOUGLAS, C. J. This is an action of trespass and ejectment, brought to recover a certain tenement which the defendant held of the plaintiff from month to month, the term beginning on the first day of the month.

Notice in due form, directing the defendant to quit on September first, was delivered on August 14th to the defendant's wife upon the premises, the defendant himself being absent.

A previous attempt to dispossess the defendant had been made which had failed through some irregularity, and the defendant's attorney directed the wife to bring him any notice which might be served upon her. Accordingly, when she received the notice in question, she took it the same afternoon to the attorney. She further testified that she did not mention the notice to her husband, who could not read or write. The husband also testified that he was not informed of the notice till he went to pay his next rent.

Upon this evidence the defendant moved the court to direct a verdict in his favor. This was denied, and the court left to the jury the question of service of notice, saying: "If you find in this case that this notice was delivered to the wife in the premises on the 14th day of August, the presumption is that the husband himself received that notice. Now, that being the presumption, it becomes necessary for the defendant to bring forth sufficient evidence to satisfy your minds that he did not get the notice."

After verdict for the plaintiff the defendant moved for a new trial, on the ground that the verdict was against the evidence, and the presiding judge denied the motion.

The defendant brings here his exceptions to the refusal of the presiding judge to direct a verdict and to his refusal to grant the motion for a new trial.

We think that both exceptions must be overruled. They involve the question whether the service was good, either because service of such a notice is good service when made upon a wife at their domicile in the absence of the husband, or because the jury were warranted in finding, as an inference from the fact of service upon the wife, that actual service was made upon the husband.

The statute requires written notice to terminate a letting from month to month, but does not prescribe either the form of the notice nor any particular mode in which it must be served. Gen. Laws cap. 269, § 4. Where the notice is mailed to the tenant or given to his wife or an agent of his appointment, the usual presumptions arise that it has been received by him. The English cases cited by the defendant go to this extent, at least.

In *Jones* v. *Marsh*, 4 T. R. 464, the notice to terminate a tenancy from year to year was served on a servant at the tenant's house, which was not on the demised premises. Lord Kenyon held the service good, absolutely, and Buller, J., held it good in the absence of contradictory evidence. In *Doe* v. *Lucas*, 5 Esp. 153, notice left at the tenant's house, but not given to his wife or to a servant, was held not properly served. In *Doe* v. *Dunbar*, M. & M. 10, it was held by Lord Chief Justice

Abbott that service at the tenant's house upon a servant and upon a lady there was good.   In *Smith* v. *Clark*, 9 Dowl. Pr. Cas. 202, the four judges of the Common Pleas held that delivery of the notice to quit to the tenant's wife, at his dwelling-house, is sufficient evidence to sustain a finding that the notice reached the tenant.   In *Roe* v. *Street*, 2 Ad. & El. 329, notice served upon the wife of the tenant upon the premises was held good.

I Washburn on Real Property, 6th Ed. § 816, lays it down as a general rule that "notice to quit may be left at the dwelling-house of the tenant with a servant, though it may not be upon the premises."   Taylor, in 2 Landlord and Tenant, 8th Ed. § 484, says: "It seems also settled that, when personal service can not be effected, it will be sufficient if notice is left with the husband, wife, or a servant of the tenant, at his usual place of residence, whether upon the demised premises or elsewhere, and its nature and contents explained at the time, and that whether the tenant received the notice or not."   To the same effect is 18 Am. & Eng. Ency. L. 399.

(1)   In Massachusetts, service upon a wife or servant is held good as matter of law. *Blish* v. *Harlow*, 15 Gray, 316; *Clark* v. *Keliher*, 107 Mass. 406.

We think the Massachusetts rule is reasonable and just.   A wife is by virtue of her relationship to her husband the keeper of his house and his agent to perform such duties relating to the domicile as are necessary in his absence.   Among these may be reasonably included the reception of notices relating to the tenure of the premises.   If personal notice upon the tenant were necessary it would be a difficult undertaking for a landlord to terminate a monthly tenancy if the tenant should wish to avoid service.

We hold, therefore, that the service upon the wife in the case at bar was a sufficient compliance with the statute.

The exceptions are overruled, and the case will be remanded to the Superior Court for judgment on the verdict.

*Benjamin W. Grim*, for plaintiff.

*P. Henry Quinn and Edward M. Sullivan*, for defendant.