TRACY NORTH et al., Appellees, v. RICHARD KINNEY et ux., Appellants.

No. 45960.

FEBRUARY 27, 1942.

William P. Welch and Robert K. Brannon, for appellants.

Floyd E. Page, for appellees.

GARFIELD, J.—On January 15, 1940, appellee Connecticut Mutual Life Insurance Company leased a 320-acre farm, which it owned, to appellants, Kinney and wife, for one year from March 1, 1940. Thereafter, the insurance company sold the farm to its coappellee, North, agreeing to deliver possession to

him on March 1, 1941. On September 10, 1940, the lessor gave the lessees written notice by registered mail that the tenancy would terminate on March 1st following. The lessees refused to surrender the premises at the termination of the lease, whereupon the insurance company and the purchaser, North, instituted this action in forcible entry and detainer. Defendants appeal from the verdict and judgment against them.

Appellants' sole contention is that the written notice of termination given on September 10, 1940, was ineffective because given by registered mail. It is their position that the notice should have been served in the manner of an original notice for the commencement of an action, or, in any event, by personally delivering the notice to them. No question is raised as to the contents or receipt of the notice. Indeed, it is conceded that the judgment must be affirmed if it was proper to give the notice by registered mail.

The statute requiring notice, section 10161, Code, 1939, so far as material, reads as follows:

"In the case of farm tenants, * * * the tenancy shall continue for the following crop year upon the same terms and conditions as the original lease unless written notice for termination is given by either party to the other not later than November 1, whereupon the tenancy shall terminate March 1 following; * * *"

We hold, as did the trial court, that the notice required by this statute may be given by registered mail.

The statute provides that notice be "given," not "served." For the distinction between these two terms, see Boston Morris Plan Co. v. Barrett, 272 Mass. 487, 172 N. E. 603. The word "give" as here used is, according to the dictionaries, the equivalent of "communicate." The notice is not a process or other formal notice incident to a proceeding in court. Had the legislature intended that the notice be served as an original notice for the commencement of an action, or in any other particular manner, it could easily have so stated, and we must conclude that the statute would have expressed that intent. We are asked to read such a provision into the statute. That is a legislative function which we have no right to assume.

A primary object of a written notice to the lessee of termination of the tenancy is doubtless to afford him opportunity to arrange for another farm for the succeeding year. That purpose can as well be accomplished by a notice sent and received through registered mail as by formal personal service. Here there is no claim that appellants were prejudiced because of the manner in which notice was given.

Appellants argue that the legislative intent to require personal service of termination, unless the tenant cannot be found in the county, impliedly appears from Code section 10162, which reads:

"When a tenant cannot be found in the county, the notice above required may be given to any subtenant or other person in possession of the premises, or, if the premises be vacant, by affixing the notice to any outside door of the dwelling house thereon, or other building, if there be no dwelling house, or in some conspicuous position on the premises, if there be no building."

There is no claim that appellants could not be found in the county. This section is not, therefore, directly applicable here. We are unable to agree with appellants' contention as to the effect to be given section 10162. None of the methods of giving notice provided by this section is service required by Code section 11060 for the commencement of actions, nor can it be called personal service. Because the legislature was content with the giving of notice in one of the ways permitted by section 10162 when the tenant cannot be found in the county, it does not follow that this court should require so-called personal service when the tenant is found in the county. We may observe that any of the methods permitted by section 10162 probably would not come to the personal attention of the tenants concerned with such certainty as registered mail.

There is ample authority to support our decision. Scanlon v. Scanlon, 154 Iowa 748, 135 N. W. 634, holds that a notice directed by statute *to be served* upon the surviving widow, requiring her to elect whether to take under the will of her husband, need not be served in the manner of original notices. The opinion contains the following pertinent language at page 754 of 154 Iowa, page 637 of 135 N. W.:

954

"* * * the statute prescribing the method of service of original notices has no application 'to private papers and notices between parties in their ordinary business transactions and which may relate to or form the foundation of a right.' And this we think is a rule of quite general application.''

Squarely in point is Alworth v. Gordon, 81 Minn. 445, 84 N. W. 454, holding that a notice to quit sent and received by mail complied with a Minnesota statute. 46 C. J. 557, 558, section 65, states "that, where a statute directs that notice in writing shall be given but prescribes no method of service, it is ordinarily sufficient to show that the party to be notified actually received written notice, and that the method is unimportant.''

Notice by telegram has been held to be written statutory notice in Western Union Tel. Co. v. Bailey, 115 Ga. 725, 42 S. E. 89, 61 L. R. A. 933, and Jones v. Balsley & Rogers, 25 Okla. 344, 106 P. 830, 138 Am. St. Rep. 921 (also holding notice by mail a compliance with statute). Other authorities which tend to sustain our decision are Cranston Print Works v. Whalen, 27 R. I. 445, 63 A. 176, 114 Am. St. Rep. 56, 8 Ann. Cas. 1143; Swing v. Cloquet Lbr. Co., 121 Minn. 221, 141 N. W. 117, L. R. A. 1918C, 660; Regan v. Atlantic Ref. Co., 304 Mass. 353, 23 N. E. 2d 869; Graham v. Lasater, Tex. Civ. App., 26 S. W. 472.

The judgment is affirmed and the cause remanded to the district court for appropriate proceedings, if need be, to enforce the judgment appealed from, and for judgment on the supersedeas bond.—Affirmed and remanded.

BLISS, C. J., and HALE, MILLER, SAGER, WENNERSTRUM, MITCHELL, and OLIVER, JJ., concur.