Allen E. FRYER, Plaintiff,

v.

Tom HAMILTON, as Judge of the District Court in and for Lyon County, Defendant.

Allen E. FRYER, Appellant,

v.

STATE of Iowa, Appellee.

Nos. 61848, 62047.

Supreme Court of Iowa.

April 25, 1979.

Barbara A. Schwartz and John M. Thompson, Iowa City, for plaintiff-appellant.

Thomas J. Miller, Atty. Gen., for defendant-appellee.

Considered by LeGRAND, P. J., and UHLENHOPP, HARRIS, McGIVERIN and LARSON, JJ.

McGIVERIN, Justice.

The controlling question here is whether the trial court legally could enter a default and dismiss the postconviction relief appli-

cation under the record in this case. We believe the default and dismissal should not have been entered.

Following a jury trial Allen E. Fryer was convicted on four counts of first degree murder. In 1974 he was sentenced to four concurrent terms of life imprisonment and is presently confined in the Iowa State Penitentiary.

Other cases previously before us involving defendant's brothers and arising from the same homicide incident are *State v. Fryer,* 243 N.W.2d 1 (Iowa 1976), and *State v. Fryer,* 226 N.W.2d 36 (Iowa 1975).

After his convictions in 1974, Allen E. Fryer filed a direct appeal to this court. His counsel requested to withdraw under former Court Rule 16 because he considered the appeal frivolous. Fryer did not communicate to us his desire to pursue that appeal. We granted counsel's request and dismissed the appeal as frivolous on March 19, 1975.

Next, Fryer filed a petition for writ of habeas corpus in federal district court. The petition was ultimately dismissed for failure to exhaust state remedies. The federal court said Fryer "has a forum for presenting these issues under the Iowa Post-Conviction Relief Statute."

With the assistance of new counsel, Fryer filed an application for postconviction relief pursuant to chapter 663A, The Code 1977, in Lyon County district court on February 28, 1977. The State filed timely answer.

On January 27, 1978 the court filed a "Notice of Court's Intention to Dismiss Application for Post Conviction Relief" in compliance with section 663A.6.[1] The court gave reasons for the proposed dismissal and gave opportunity to Fryer to reply to the proposed dismissal by ordering "said reply, if any, to be filed herein within thirty (30) days of the date of the filing" of the notice of intention to dismiss.

With this procedural background, the facts then occurred that give rise to the core of the problem before us.

On Monday, February 27, Fryer served by mail on the court and counsel for the state a detailed reply and supporting memorandum raising several alleged factual issues in resistance to the notice of proposed dismissal. The original reply was file-stamped in the office of the clerk of the district court on March 1.

In an order dated February 28, but not file-stamped until March 3, the court found that no reply or response had been filed by Fryer. The court summarily ordered that Fryer was:

(1) now in default for the want of filing of a reply to the court's Notice of Intention to Dismiss Application for Postconviction Relief;

(2) now denied his Application for Postconviction Relief and the same is hereby dismissed by order of this court.

On March 13 Fryer filed a motion to set aside the default contending, alternatively, the default was erroneously entered in that: he was not in default; and, default is inappropriate in an action for postconviction relief.

Petition for writ of certiorari challenging the legality of the March 3 order was filed March 31 in this court. The petition was ordered held in abeyance pending ruling by the trial court on the motion to set aside.

1. Section 663A.6 states in relevant part:

When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for dismissal. The applicant shall be given an opportunity to reply to the proposed dismissal. In light of the reply, or on default thereof, the court may order the application dismissed or grant leave to file an amended application or direct that the proceedings otherwise continue. Disposition on the pleadings and record is not proper if a material issue of fact exists.

The court may grant a motion by either party for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

On April 27 the trial court overruled the motion to set aside and stated in part "when no reply was received within the period allowed by the court's order the applicant was found to be in default and the court dismissed his application." The wording of both the March 3 and April 27 orders indicate the court intended to and did default Fryer's application on the basis that no reply was received by the court within 30 days from January 27. Cf. *Rinehart v. State*, 234 N.W.2d 649, 656 (Iowa 1975) ("[T]he determining factor is the intention of the Court gathered from all parts of the judgment. Effect must be given to that which is clearly implied as well as that which is expressed.")

On May 3, we ordered the writ of certiorari to issue.

Notice of appeal also was filed from the court's April 27 ruling which denied the motion to set aside.

The certiorari action and the appeal were consolidated for our consideration.

In the certiorari action and the appeal the parties raise several issues, some of which were not asserted before the trial court. However, we believe one issue is dispositive of both proceedings at the present time. The question we must consider is whether the court legally could enter a default and dismiss Fryer's postconviction relief application on the basis of untimely reply under this record.

Certiorari, unless specifically authorized by statute, lies only when the inferior court or tribunal, exercising judicial functions, is alleged to have exceeded its proper jurisdiction or otherwise acted illegally. Iowa R.Civ.P. 306; *In re Marriage of Welsher*, 274 N.W.2d 369, 371 (Iowa 1979).

I. *Determination of default in chapter 663A proceedings*. Iowa R.Civ.P. 230 lists the occasions on which a party may be found in default. Only section (d) is relevant to this case and provides: "A party shall be in default whenever he . . . (d) fails to comply with any order of court or do any act which permits entry of default against him, under any rule or statute." Fryer contends trial court was not authorized by rule 230 to enter a default against him in this postconviction action for two reasons. First, due to the application of rule 82, Fryer had not failed to comply with the January 27 order of court. Second, no rule or statute authorized entry of default against Fryer on his *application* as a result of any untimely filing of his reply under this record.

Because we decide rule 82, Iowa R.Civ.P., is applicable to chapter 663A proceedings and, applied in the present case, renders the reply timely filed, we do not decide whether default may never be entered against a chapter 663A applicant.

II. *Applicability of rule 82, Iowa R.Civ.P., to chapter 663A proceedings*. Fryer contends, and we agree, rule 82, Iowa R.Civ.P., is applicable to chapter 663A proceedings. Since service was made by mail by Fryer on February 27 and filing was completed within a reasonable time thereafter on March 1, the filing was timely pursuant to rule 82(d).

Section 663A.7 makes clear rules of civil procedure are applicable to proceedings under chapter 663A. Section 663A.7 provides in part that "[a]ll rules and statutes applicable in civil proceedings including pretrial and discovery procedures are available to the parties."

Iowa R.Civ.P. 82(d) provides:

(d) *Filing*. All papers after the petition required to be served upon a party shall be filed with the court either before service or within a reasonable time thereafter. Whenever these rules require a filing within a certain time said *filing shall be deemed timely if service is made within said time and filing is completed within a reasonable time thereafter.*

(Emphasis added.)

Service, in turn, is further explained under rule 82(b) which states that "[s]ervice by mail is complete upon mailing."

We have applied the rules of civil procedure to postconviction proceedings under chapter 663A where no conflict between the rules and the statute results. *Compare*

*Chartier v. State,* 223 N.W.2d 255, 257 (Iowa 1974) (rule 237, Iowa R.Civ.P., applicable to motions by either party for summary disposition of an application for postconviction relief) *with Hauser v. State,* 244 N.W.2d 807, 808–09 (Iowa 1976) (rule 117, Iowa R.Civ.P., not applicable to disposition of state's motion to dismiss an application for postconviction relief).

The state, as defendant in this certiorari action, contends rule 82 is "an inconsistent or superfluous supplement" to the procedure for dismissal provided in section 663A.6, although the state concedes chapter 663A otherwise does not provide a reply procedure. Examination of the language of section 663A.6 reveals the bare requirement that the "applicant shall be given an opportunity to reply to the proposed dismissal." We perceive no inconsistency between the civil procedure rules and the statute.

The state, nevertheless, asserts that rule 82 is, by its own terms, inapplicable to a reply to notice of intention to dismiss application for postconviction relief. The state points to the qualifying language of rule 82(d) which limits the service provisions to situations where: the paper is required to be served upon a party; and, a filing is required within a certain time.

Rule 82(a) utilizes very broad language in describing the range of papers required to be served upon a party. Rule 82(a) states in part:

(a) *When service required.* Everything required by these rules to be filed, every order required by its terms to be served, *every pleading* subsequent to the original petition unless the court otherwise orders because of numerous defendants, every paper relating to discovery required to be served upon a party unless the court otherwise orders, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and *similar paper* shall be served upon each of the parties.

(Emphasis added.) While a reply to a notice of intention to dismiss is not specifically enumerated in rule 82(a), the language of the rule, including use of the term "similar paper", is sufficiently broad to encompass a section 663A.6 reply.

The requirement that the reply be filed "within a certain time" is, arguably, addressed in rule 85(b) which states in part:

The plaintiff shall serve a reply to a counterclaim in the answer within twenty days after service of the answer, *or if a reply is ordered by the court, within twenty days after service of the order, unless the order otherwise directs.*

(Emphasis added.) Although rule 85(b) contemplates a reply in the context of a traditional civil suit, *see* rule 73, Iowa R.Civ.P., its terms are applicable to the postconviction context without conflict with statutory language.

Where no conflict with statutory provisions appears, we find application of the rules of civil procedure aid in providing a mutually understandable procedure for orderly disposition of applications under chapter 663A.

██ Mailed service of reply on the court and counsel for the state, with file-stamping in the clerk's office two days afterward, complied with the court order that the reply "be filed herein within thirty days of the date of the filing of this instrument" under rules 82(a), (b) and (d). Under rule 82(b) service by mail is complete upon mailing. Although the reply was mailed on the thirty-first day following the court order, the thirtieth day fell on a Sunday. Fryer, therefore, had an additional day to make timely service by mail. § 4.1(22), The Code. The timeliness of mailed service, furthermore, is unaffected by the two-day delay in file-stamping. *Budde v. City Development Board,* 276 N.W.2d 846 (Iowa 1979).

III. *Disposition of certiorari and appeal actions.* We hold Fryer was not in default and his application could not be dismissed for being in default under this record.

Although exercising a judicial function, the trial court acted illegally in finding Fryer in default and in dismissing his postconviction relief application on the basis of default. The writ of certiorari is sustained

and the case is remanded for further proceedings consistent with this opinion.

Our ruling in the certiorari action makes moot the similar issues raised in the appeal, which is dismissed.

On remand of the main case the trial court shall consider the pleadings and the record, including Fryer's reply in further appropriate proceedings under section 663A.6 and chapter 663A. The parties shall be allowed to amend their pleadings and supplement the prior record where necessary to present all relevant issues. We express no opinion as to the merits of the application or its further consideration by the trial court.

Submitted with the appeal and certiorari action were motions by Fryer to strike portions of the state's briefs. Those motions are also overruled as moot without prejudice to the parties to amend their pleadings and record as stated above to enable the trial court on remand to consider all relevant contentions urged before us but which we deemed unnecessary to decide in the present posture of the case.

Costs in both the appeal and the certiorari action are taxed to the state.

WRIT SUSTAINED; APPEAL DISMISSED.