**In the Matter of Appeal of Daniel H. ELLIOTT, Jr., Appellant.**

**No. 66507.**

Supreme Court of Iowa.

May 19, 1982.

Rehearing Denied July 15, 1982.

Harry W. Zanville of Clark, Butler & Walsh, Waterloo, Richard H. Zimmerman of

---

Mears, Zimmerman & Mears, Iowa City, and Barry A. Lindahl of Conzett, Norman, Lindahl & O'Brien, Dubuque, for appellant.

David F. McGuire, City Atty., and Lynda E. Thomsen, Asst. City Atty., Cedar Rapids, for appellee Cedar Rapids Civil Service Commission.

Considered by REYNOLDSON, C. J., and UHLENHOPP, McCORMICK, ALLBEE, and McGIVERIN, JJ.

REYNOLDSON, Chief Justice.

Appellant Daniel H. Elliott, Jr., sought to appeal a decision of appellee Cedar Rapids Civil Service Commission that sustained his discharge as a police officer. The commission filed a special appearance, asserting district court had no jurisdiction because the service of notice of appeal was fatally defective. District court sustained the special appearance and overruled a later "Motion to Amend" its ruling. We affirm.

Central to this controversy is the following appeal provision contained in section 400.27, The Code:

> The appeal to the district court shall be perfected by filing a notice of appeal with the clerk of the district court within the time herein prescribed [thirty days] and *by serving notice thereof on the secretary of the civil service commission, from whose ruling or decision the appeal is taken.*

(Emphasis added.) *See generally* §§ 400.-20–.27, The Code (civil service appeals provisions).

The commission sustained Elliott's discharge on November 12, 1980. Two days later Elliott filed notice of appeal in district court and mailed a copy to the commission and its lawyer. December 15, 1980, thirty-one days after its ruling, the commission filed a special appearance alleging that "[t]he Appellant has not served notice as required by law to confer jurisdiction on the District Court."

Elliott's counsel filed an affidavit that on November 14, 1980, he had "filed notice of appeal ... in the Linn County District Court and that said notice was that same day sent by mail to the Secretary of the Civil Service Commission and the Cedar Rapids City Attorney who represented the Commission at the administrative hearing ...." Apparently the issue was then submitted to the court on oral arguments followed by written briefs. District court's February 6, 1981, ruling held that Elliott's attempted service of notice of appeal by mailing a copy of the notice to the Secretary of the Civil Service Commission did not comply with section 400.27 and was ineffective to vest jurisdiction in district court.

February 17, 1981, Elliott filed a "Motion to Amend" "pursuant to Rule 179(b)" requesting the court to amend its February 6 order and quash the special appearance. He further requested the court to "hold an evidentiary hearing and argument in this matter and for an extension of time to file a brief." District court set a briefing time but made no order with respect to an evidentiary hearing.

February 27, 1981, Elliott's motion came on for hearing. The commission objected to Elliott's attempt to submit the oral testimony of the clerk of the commission to show actual receipt of the mailed notice of the appeal. The objection was on the ground there was no authority under Iowa Rule of Civil Procedure 179(b) to hear or consider additional evidence, and that the evidence should have been "presented at the appropriate time." District court sustained the objection but permitted the testimony to be submitted as an offer of proof. The clerk testified she received the notice of appeal by mail on November 14, 1980, and distributed copies to the proper officials. On the date of this hearing district court overruled Elliott's motion.

I. In this appeal Elliott first asserts that his mailing the notice legally satisfied the section 400.27 requirement that the district court appeal be perfected "by serving notice thereof on the secretary of the civil service commission." He argues that chapter 400, The Code, is remedial, that remedial statutes must be liberally construed, and, therefore, notice pursuant to Iowa Rule of Civil Procedure 82(b) should be recognized. *See* § 4.2, The Code.

Historically, district court review of civil service commission decisions first was obtained through certiorari. *See O'Connor v. Youngblade*, 250 Iowa 808, 811, 96 N.W.2d 457, 460 (1959); *Dickey v. Civil Service Commission*, 201 Iowa 1135, 1139, 205 N.W. 961, 963 (1925). The appeal procedure under scrutiny was added by amendment to the civil service chapter by 1969 Iowa Acts chapter 228. The same amendment provided that "[t]he city or any civil service employee shall have a right to appeal to the district court . . . and the said appeal shall be a trial de novo as an equitable action in district court." The troublesome language relating to service of notice may have been borrowed from similar language detailing the procedure for appealing to the commission. *See* § 400.21, The Code 1981 (identical to § 365.21, The Code 1966).

Obviously, the legislature knows how to make plain a requirement for notice by mail. *See* §§ 17A.19(2); 321.501(2); 472.18, The Code. Similarly, it can be definite with respect to the personal service of a notice. *See id.* §§ 321.504; 472.19. In section 400.-27, however, it failed to employ such specificity, and we therefore must examine the issue in light of our common law.

In an early decision this court held that a statutory direction for "personal service" of notice of an insurance policy cancellation required "actual delivery in some way of the notice to the insured." *McKenna v. The State Insurance Co.*, 73 Iowa 453, 455, 35 N.W. 519, 520 (1887); *see Farmers Insurance Group v. Merryweather*, 214 N.W.2d 184, 191–92 (Iowa 1974). In *Ellis v. Carpenter*, 89 Iowa 521, 56 N.W. 678 (1893), the court had before it a statute relating to the statutory procedure for an appeal from the board of supervisors to the district court where the requirement was that notice "be served on the four persons first named in the petition for the highway." The *Ellis* court affirmed dismissal of the appeal where only substituted service was had on one of the four persons, stating "[w]hen service is required, it means personal service." *Ellis*, 89 Iowa at 523, 56 N.W. at 679. Later in *Scanlon v. Scanlon*, 154 Iowa 748, 753–54, 135 N.W. 634, 636–37 (1912), this court held that where a statute required a notice to be "served" on a widow to elect whether to take under a will there must be "actual service by delivering to the person" but that such service and proof thereof need not conform to requirements for service of original notice for commencement of an action. *Van Der Burg v. Bailey*, 207 Iowa 797, 223 N.W. 515 (1929), addressed a statute requiring notice to be "served" on a party in an appeal from a decision of the board of supervisors to the district court. This court held the statute could not be satisfied by accepted service by attorneys for the party to be served. *Van Der Burg*, 207 Iowa at 799, 223 N.W. at 516.

*Incorporated Town of Casey v. Hogue*, 204 Iowa 3, 214 N.W. 729 (1927), involved an appeal from action of the city council to the state budget director. The applicable statute provided:

> [I]nterested objectors may appeal from such decision to the director by serving notice thereof on the clerk or secretary of such municipality within ten days after such decision is entered of record.

§ 354, The Code 1924. A carbon copy of the notice, with only a portion of the names of the objectors who signed the original of the notice copied thereon, was left with the town clerk. This court held the appeal should have been dismissed, stating:

> When the statutory requirement is that a notice shall be served, and there is no further specific direction in the statute, two things are clearly implied: (1) That the notice shall be in writing; and (2) that it shall be served personally upon the party upon whom service is to be made.
>
> . . . .
>
> . . . If the service had been made in compliance with the provisions for the personal service of an original notice, by reading the original and delivering a true copy, this would constitute a good and sufficient service. The *delivery* of the *original* to the proper officer would, we think, also be a sufficient compliance with the statute. . . .

Nor was the service sufficient under the general rule that permits "service of notice," when nothing more is specified, by delivery of the original or a true copy. Neither the original nor a true copy was delivered in this case.

*Hogue,* 204 Iowa at 7–10, 214 N.W. at 731–32 (emphasis in original). *North v. Kinney,* 231 Iowa 951, 2 N.W.2d 407 (1942), tested a notice to terminate a farm tenancy, sent and received through registered mail, against a statute that extended the tenancy unless "written notice ... is given." The *North* court held the notice satisfied the statute, but noted there was a distinction between "given" and "served." *North,* 231 Iowa at 952, 2 N.W.2d at 408. *State v. Hansen,* 244 Iowa 145, 148, 55 N.W.2d 923, 924 (1952), followed *Hogue,* holding a mailed notice did not comply with a statutory mandate that a fire inspector shall "serve or cause to be served" a written notice of violations of fire regulations.

■ To be distilled from the above decisions is a common-law rule that when a statute provides a notice of appeal shall be "served" there is required an actual delivery to the person to be served, not a delivery by mail. This conforms to the general law. *See* 4 Am.Jur.2d *Appeal and Error* § 321 (1962) ("Service should ordinarily be made by delivering a copy of the process personally to the person to be served or by leaving it at his place of residence. Service by mail is frequently authorized but in the absence of such authorization it is insufficient." (footnotes omitted)); 58 Am.Jur.2d *Notice* § 22 (1971) ("[W]here a statute requires that a notice shall be 'served' the service must be personal.").

Elliott argues this rule should be liberalized by adopting the concepts of rule of civil procedure 82(b), which with respect to papers required to be filed and served "by these rules" provides that service may be made by mail and that service is complete upon mailing. The section 400.27 appeal procedure, however, is not controlled "by these rules." *See In re Marriage of Mantz,* 266 N.W.2d 758, 759 (Iowa 1978). Under section 400.27 a district court acquires ap-

pellate jurisdiction only when the appellant substantially complies with its provisions. *Economy Forms Corp. v. Potts,* 259 N.W.2d 787, 788 (Iowa 1977); *Harrington v. City of Keokuk,* 258 Iowa 1043, 1050–51, 141 N.W.2d 633, 638–39 (1966); *Bales v. Iowa State Highway Commission,* 249 Iowa 57, 60, 86 N.W.2d 244, 246–47 (1957). Although appeals to this court may be implemented by rule 82(b), that is because Iowa Rule of Appellate Procedure 6(a) specifically so provides.

■ We hold the mailing of notice of appeal in the circumstances of this case was insufficient to vest appellate jurisdiction in the district court.

■ II. Trial court was right in sustaining the special appearance for the additional reason that there was no proof in the record before the court that the notice was actually received. Even where mailed notice is authorized, the general rule requires that the record must reflect actual receipt of the notice. *See Beardslee v. Iowa Department of Job Services,* 276 N.W.2d 373, 376 (Iowa 1979); *Flanders v. Waterloo Community School District,* 217 N.W.2d 579, 582 (Iowa 1974); *Eves v. Iowa Employment Security Commission,* 211 N.W.2d 324, 327 (Iowa 1973).

When the "Motion to Amend" trial court's ruling under rule 179(b) was submitted, Elliott sought to produce testimony to show actual receipt of the mailed notice. District court sustained the city's objection to this offer.

■■ In *Kagin's Numismatic Auctions, Inc. v. Criswell,* 284 N.W.2d 224, 226 (Iowa 1979), we noted that trial court had reviewed supplementary evidence while considering a rule 179(b) motion, but there is no indication any objection was made. We now hold rule 179(b) is an inappropriate vehicle for reopening the record for additional evidence to correct omissions made in the trial of an issue. *See Evans, Inc. v. Tiffany & Co.,* 416 F.Supp. 224, 244 (N.D.Ill. 1976); *Rathbun v. W. T. Grant Co.,* 300 Minn. 223, 238, 219 N.W.2d 641, 651 (1974). Assuming that trial court would have a

broad discretion to set aside its ruling and consider additional evidence on the notice issue in this case, that discretion was not abused here. *See Davidson v. Van Lengen*, 266 N.W.2d 436, 440 (Iowa 1978); *In re Allen's Estate*, 251 Iowa 177, 184–85, 100 N.W.2d 10, 14 (1959).

We have considered the other propositions Elliott relies on for reversal and find them to be without merit. We affirm the judgment entered by district court.

AFFIRMED.