R. Clair **SHARP**, Appellant,

v.

**IOWA DEPARTMENT OF JOB SERVICE**, Appellee.

No. 91-1988.

Supreme Court of Iowa.

Nov. 25, 1992.

Amanda Potterfield of Johnson, Larson, Potterfield, Zimmermann & Nathanson, P.C., Cedar Rapids, for appellant.

William C. Whitten, Knoxville, for appellee.

William J. Sueppel of Meardon, Sueppel, Downer & Hayes, Iowa City, for City of North Liberty on behalf of appellee.

Considered by LARSON, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

PER CURIAM.

R. Clair Sharp appeals from a district court order denying his motion for enlargement of time to file a petition for judicial review from final agency action denying him unemployment benefits. The district court denied Sharp's right to seek judicial review of the agency decision because Sharp failed to timely file his petition for judicial review in district court pursuant to Iowa Code section 17A.19(3) (1991). Sharp contends that Iowa Rule of Civil Procedure 82(d) applies to extend the time for filing a timely petition if service of the petition on opposing parties is made within thirty days of final agency action. We find Iowa Rule of Civil Procedure 82(d) inapplicable to toll timely filing of a petition for judicial review under Iowa Code section 17A.19 and therefore affirm.

The facts in this case are not disputed. R. Clair Sharp lost his job with the City of North Liberty, and he applied for unemployment benefits. On May 31, 1991, the administrative law judge (ALJ) reversed the decision of the job service representative and denied Sharp unemployment benefits. On July 31, 1991, the Employment Appeal Board affirmed the decision of the ALJ and denied benefits. Sharp filed a timely application for rehearing with the Board. On August 14, 1991, the Employment Appeal Board filed its decision denying Sharp's application for rehearing. On September 13, 1991, Sharp mailed a copy of his petition for judicial review to the Iowa Department of Job Service, the City of North Liberty, and William Sueppel, the city's attorney. On September 23, 1991, Sharp filed his petition for judicial review in district court. Sharp also filed a motion pursuant to Iowa Rule of Civil Procedure 83(a)(2) to enlarge time to file the petition for judicial review. The district court denied Sharp's motion to enlarge time thereby preventing consideration of his petition for judicial review on the merits. Sharp has filed this appeal.

A timely petition for judicial review to the district court is a jurisdictional prerequisite for review of final agency action. *Sioux City Brick & Tile v. Employment Appeal Bd.*, 449 N.W.2d 634, 638 (Iowa 1989). Pursuant to Iowa Code section 10A.601(7), a petition for judicial review from an Employment Appeal Board decision shall be filed pursuant to section 17A.19. Under section 17A.19, a petition for judicial review must be filed in district court within thirty days after the agency's final decision. Iowa Code §§ 17A.19(2) and (3). Therefore, unless some other statute or rule applies, Sharp's failure to timely file his petition for judicial review in district court within thirty days of the appeal board's final decision deprived the district court of jurisdiction to hear his petition.

Sharp contends, however, that the rules of civil procedure apply to extend the time for his filing a timely petition for judicial review in district court. Sharp relies on Iowa Rule of Civil Procedure 82(d), which provides in part that:

> Whenever these rules or the rules of appellate procedure require a filing with the district court ... within a certain time, the time requirement shall be tolled when service is made, provided the actual filing is done within a reasonable time thereafter.

Since Sharp mailed a copy of his petition to the opposing parties in this case within thirty days of final agency action, Sharp concludes that Iowa Rule of Civil Procedure 82(d) applies to permit his filing of a petition for judicial review in district court ten days later.

We have stated that, "The courts of our state cannot expand their judicial review jurisdiction by allowing appeal of agency action in contested cases beyond the time limit specified for that purpose by the legislature." *Sioux City Brick & Tile*, 449 N.W.2d at 638. We concluded that the broad discretion given courts to grant a motion for leave to amend under Iowa Rule of Civil Procedure 88 could not be applied to cure a party's failure to timely appeal agency action. *Id.* If such a motion would be permitted, we concluded that the juris-

dictional time limits prescribed by the legislature would be rendered meaningless. *Id.* at 639.

We have also held that the provisions of Iowa Rule of Civil Procedure 82(b) did not apply to cure a litigant's failure to comply with the requirements to appeal a civil service commission ruling to district court under Iowa Code section 400.27. *In re Elliott,* 319 N.W.2d 244 (Iowa 1982). We held that the mailing of a notice of appeal to the secretary of the civil service commission was insufficient to vest appellate jurisdiction in district court when section 400.27 required actual service of the notice on the secretary. *Id.* We noted that Iowa Rule of Civil Procedure 82(b) applied with respect to papers required to be filed and served pursuant to the rules of civil procedure but that the section 400.27 appeal procedure was not controlled by these rules. *Id.* at 247. We concluded that under section 400.27, a district court acquired appellate jurisdiction only when the appellant substantially complied with its provisions. *Id.* at 247. We also noted that, if the legislature had intended to incorporate the rules of civil procedure into the procedure for appealing a civil service commission ruling, it could have done so. *Id.* at 246. *See also Fryer v. Hamilton,* 278 N.W.2d 5 (Iowa 1979) (the rules of civil procedure made applicable to postconviction proceedings by specific statutory provision).

Iowa Code section 17A.19 provides that "the judicial review provisions of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action." Iowa Rule of Civil Procedure 82(d) provides that the time requirements for filing shall be tolled when service is made "[w]henever *these rules* ... require a filing with the district court...." (Emphasis added.) However, the procedure for timely filing a petition for judicial review from an Employment Appeal Board decision is not governed by the rules of civil procedure but is instead governed by Iowa Code section 17A.19. Iowa Code § 10A.601(7). Under section 17A.19, and not the rules of civil procedure, Sharp was required to file his petition for judicial review in district court within thirty days of final agency action in order to invoke the jurisdiction of the district court. Sharp failed to timely file his petition in district court.

We hold that Iowa Rule of Civil Procedure 82(d) is inapplicable to expand the district court's judicial review jurisdiction by permitting an appeal of an Employment Appeal Board decision beyond the time limit specified for that purpose by the legislature. We affirm the district court's order denying Sharp's motion for enlargement of time to permit consideration of his late-filed petition.

AFFIRMED.