**CERRO GORDO COUNTY CARE FACILITY, Cerro Gordo County, Iowa, Appellant,**

v.

**IOWA DEPARTMENT OF JOB SERVICE and Richard L. Fulton, Appellees.**

No. 85–341.

Supreme Court of Iowa.

Oct. 16, 1985.

William Vanderpool, Co. Atty., and Thomas J. McSweeney and Susan S. Currie, Asst. Co. Attys., for appellant.

Walter F. Maley, Blair H. Dewey, and Joseph J. Bervid, Des Moines, for appellee Job Service.

Larry S. Eide and Gregory C. Nicholas of Pappajohn, Shriver, Eide & Nicholas, Mason City, for appellee Fulton.

Considered by HARRIS, P.J., and McCORMICK, LARSON, CARTER, and WOLLE, JJ.

WOLLE, Justice.

Petitioner, Cerro Gordo County Care Facility (employer), appeals from the district court's dismissal of its petition for judicial review of a decision of the Iowa Department of Job Service. The district court decided that it lacked jurisdiction to undertake judicial review because the employer had not properly served the claimant Richard L. Fulton with the application for rehearing it had filed with the department. We reverse and remand, concluding that the district court had jurisdiction because the employer's petition for judicial review of the department's final decision was filed within the time permitted by statute.

We address only the jurisdictional question on which the district court based its ruling, not the substantive question whether the department properly decided that the claimant was entitled to unemployment benefits under Iowa Code chapter 96 (1983). Administrative proceedings before the department culminated in a contested case hearing and decision by the department's appeal board, which found Fulton eligible for unemployment benefits. The employer was dissatisfied with that decision and filed with the department an application for rehearing of the appeal board's decision. The employer's failure to mail that application to Fulton spawned the issues in this appeal.

Although the claimant Fulton was at all times a party of record, the employer did not mail him a copy of the application but instead mailed a copy to Fulton's attorney. On judicial review Fulton contended and the district court held that the employer had not complied with Iowa Code section 17A.16(2) (1983), which states in pertinent part that "[a] copy of such application shall be timely mailed by the applicant to *all parties of record* not joining therein." (Emphasis added.) The district court relied on our holding in *Cunningham v. Iowa Department of Job Service*, 319 N.W.2d 202 (1982), where on similar facts we held that notice was not sufficient. We need not address this first issue because we must reverse on the second issue presented by the employer.

The employer contends that its petition for judicial review was timely and conferred jurisdiction upon the district court whether or not its service of the application for a rehearing was sufficient. The department's appeal board promptly considered and denied the employer's application for rehearing without addressing the question whether service had been adequate. The employer then filed its petition for judicial review within thirty days from the initial appeal board decision.

The district court, however, held that the employer's failure to serve the application for rehearing upon Fulton deprived it of jurisdiction to undertake judicial review. We disagree with that holding. Even if the employer lost its right to a rehearing when it failed to comply with section 17A.16(2), the employer's right to judicial review must be determined under a different provision of the Iowa Administrative Procedure Act, Iowa Code section 17A.19 (1983), which provided in pertinent part:

> If a party files an application under section 17A.16, subsection 2, for rehearing with the agency, the petition for judicial review must be filed within thirty days after that application has been denied or deemed denied. If a party does not file an application under 17A.16, subsection 2, for rehearing, the petition must be filed within thirty days after the issuance of the agency's final decision in that contested case. If an application for rehearing is granted, the petition for review must be filed within thirty days after the issuance of the agency's final decision on rehearing.

The department takes the position that all agency proceedings which followed ineffective service of the ill-fated application for rehearing were void. *Cf.* 2 Am. Jur.2d *Administrative Law* § 538 (1962) ("If an order vacating and setting aside a prior order is void for lack of notice to parties concerned, the prior order is unaffected and remains in full force."). For purposes of this decision we may assume the department correctly characterizes the rehearing proceedings in this case as void. It necessarily follows that the final decision of the agency for purposes of judicial review was the initial appeal board decision. Because the employer without question filed and properly served its petition for judicial review within thirty days from the issuance of that initial appeal board decision, as required by section 17A.19 (1983), the district court acquired jurisdiction to review that decision of the agency.

It is important to note that we are not here confronted with a problem of exhaustion of administrative remedies. Our cases construing the relevant statutes establish that a party need not request rehearing of an adverse decision of the department's appeal board as a prerequisite to judicial review. *Kehde v. Iowa Department of Job Service*, 318 N.W.2d 202, 205 (Iowa 1982); *Ellis v. Iowa Department of Job Service*, 285 N.W.2d 153, 155–56 (Iowa 1979).

The department relies on our opinion in *Cunningham*, 319 N.W.2d 202 (Iowa 1982), which the district court found controlling on the question of notice, but that case is distinguishable on this question of district court jurisdiction. The record in *Cunningham* reveals that more than thirty days had elapsed between the date the appeal board entered its initial decision in that case and the date claimant filed her petition for judicial review. In *Cunningham* the district court did not acquire jurisdiction because the petitioner did not file a timely petition for judicial review. The employer here has filed its petition for judicial review well within the time required by Iowa Code section 17A.19.

The employer satisfied all statutory prerequisites for judicial review of the final decision of the appeal board. The decision of the district court sustaining the department's special appearance is reversed, and the case is remanded for further judicial review proceedings in the district court.

REVERSED AND REMANDED.