Judy K. FEE, Appellant,

v.

EMPLOYMENT APPEAL BOARD, Appellee.

No. 89–1973.

Supreme Court of Iowa.

Nov. 21, 1990.

Sarah Wenke of Legal Services Corp. of Iowa, Ottumwa, for appellant.

William C. Whitten of Employment Appeal Bd., for appellee.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, CARTER, and NEUMAN, JJ.

HARRIS, Justice.

This petition for judicial review, following an agency denial of unemployment

compensation, was dismissed as untimely. The district court did not reach the merits of the petition because it sustained the agency's motion to dismiss on the ground the petition was not filed within the thirty days prescribed by statute. We determine the filing was timely and hence reverse and remand.

Petitioner, appellant Judy K. Fee (Judy), was discharged from her employment with Boom–Co. for allegedly stealing company merchandise. Judy then requested unemployment compensation. A job service representative denied her benefits on the ground that she had been discharged for theft. An administrative law judge agreed. The employment appeal board (the board), by a two-to-one vote, affirmed the denial on July 18, 1989.

The dissenting board member felt there was insufficient evidence of theft. Boom–Co., the employer, filed an application for rehearing on August 9, 1989.[1] It is not altogether clear from the record why Boom–Co. would petition for rehearing of a favorable ruling; apparently the employer confused the dissenter's decision with the majority board decision.

Judy received notice of the hearing on Boom–Co.'s application for rehearing. The notice stated that, if the application was not acted upon within twenty days, it would be deemed denied by operation of law.[2] The board did not rule on Boom–Co.'s application for rehearing. Judy filed this petition for judicial review on September 25, 1989.[3] The agency then filed a motion to dismiss on the ground that the petition was not timely because it was not filed within thirty days after the July 18, 1989, decision. Judy appeals from the district court's ruling sustaining the motion.

The controlling question in this appeal is straightforward. Does a filing deadline extension work to the benefit of both parties, or only to the party who triggers it? According to the plain wording of Iowa Code section 17A.19(3), the petition for judicial review must be filed within thirty days of the agency's final decision. The same section extends the requirement in order for the board to act on applications for rehearing; in such a case the petition for judicial review may be filed within thirty days after the application for rehearing is denied or deemed denied.[4] Thus any party who petitions for rehearing is accorded an extension of time for filing a petition for judicial review.

The question here is whether the extension is to be accorded to Judy, who filed more than thirty days following the agency's denial of benefits, but within thirty days of the time Boom–Co.'s application for rehearing was deemed denied. In other words, can Judy claim the deadline extension on the basis of Boom–Co.'s application?

Plausible arguments, employing formal rules of statutory construction, can be advanced for both sides of the question. The agency relies on *Cerro Gordo County Care Facility v. Iowa Department of Job*

---

1. Iowa Code § 17A.16(2) (1989) states:

   Except as expressly provided otherwise by another statute referring to this chapter by name, any party may file an application for rehearing, stating the specific grounds for the rehearing and the relief sought, within twenty days after the date of the issuance of any final decision by the agency in a contested case. A copy of the application for rehearing shall be timely mailed by the presiding agency to all parties of record not joining in the application. An application for rehearing shall be deemed to have been denied unless the agency grants the application within twenty days after its filing.

2. Iowa Code § 17A.19(3) states:

   If a party files an application under section 17A.16, subsection 2, for rehearing with the agency, the petition for judicial review must be filed within thirty days after that application has been denied or deemed denied. If a party does not file an application under section 17A.16, subsection 2, for rehearing, the petition must be filed within thirty days after the issuance of the agency's final decision in that contested case.

3. Iowa Code § 17A.19(1) states:

   A person or party who has exhausted all adequate administrative remedies and who is aggrieved or adversely affected by any final agency action is entitled to judicial review thereof under this chapter.

4. As noted in footnote one, it is deemed denied if rehearing is not granted within 20 days after it was filed. Iowa Code § 17A.16(2).

**22**

*Service,* 374 N.W.2d 673, 675 (Iowa 1985), which reckoned the filing deadline from the agency's initial action. Judy relies on *Ford Motor Co. v. Iowa Department of Transportation,* 282 N.W.2d 701, 703 (Iowa 1979), which reckoned the filing period from the date the application was deemed denied. Neither *Cerro Gordo County Care Facility* nor *Ford Motor Co.* is on point for the question presented here. *Cerro Gordo County Care Facility* is inapplicable because its rehearing proceedings, unlike those here, were found to be void. *Ford Motor Co.* can also be distinguished from the present case. The application for rehearing in *Ford Motor Co.* was filed by the party who later relied on it to extend the filing date for judicial review.

We nevertheless agree with Judy that *Ford Motor Co.*'s computation of the filing deadline should apply here. Iowa Code section 17A.16(2) states that "any party," not merely an aggrieved party, may apply for rehearing. Under this statute Judy received notice informing her when the application would be deemed denied. Iowa Code section 17A.19(3) provides that "a party" has thirty days to petition for judicial review after the application for rehearing is denied.

We cannot believe the legislature intended for such a trap as the agency envisions here. We hold Judy was entitled to compute her filing requirements on the basis of Boom–Co.'s application for rehearing. The filing was timely and the district court should have entertained the petition for judicial review.

The judgment of the district court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.