Debra COOPER, Petitioner–Appellant,

v.

KIRKWOOD COMMUNITY
COLLEGE, Respondent–
Appellee,

IMPAC, Insurance Carrier–Appellee.

No. 08–1052.

Court of Appeals of Iowa.

Feb. 10, 2010.

**162**

W. Dennis Currell of Currell Law Firm, Cedar Rapids, for appellant.

Joseph A. Quinn of Nyemaster, Goode, West, Hansell, & O'Brien, P.C., Des Moines, for appellee.

Heard by VOGEL, P.J., and VAITHESWARAN and EISENHAUER, JJ.

VOGEL, P.J.

Debra Cooper appeals from the district court's ruling on judicial review affirming the workers' compensation commissioner's decision. On appeal, Cooper's employer, Kirkwood Community College, and its insurance carrier, IMPAC, assert the district court did not have subject matter jurisdiction over Cooper's petition for judicial review and hence the appeal should be dismissed. We find Cooper's petition for judicial review was not filed according to the requirements of Iowa Code chapter 17A (2005). Therefore, subject matter jurisdiction was lacking. We reverse and remand for order of dismissal by the district court.

## I. BACKGROUND FACTS AND PROCEEDINGS.

As the deputy commissioner detailed, Cooper has had a variety of health problems beginning in 1987. In 1992, Cooper began working for Kirkwood Community College (Kirkwood) as a custodian, at which she earned $9.16 per hour. Her job duties required her to dust, empty trash, mop, vacuum, clean blinds, and change light bulbs. Cooper's last day of work was March 15, 2001.

On March 4, 2003, Cooper filed a petition with the Workers' Compensation Commissioner alleging she sustained a work-related injury March 18, 2001. On March 18, 2003, Kirkwood filed an answer raising two affirmative defenses—that Cooper's claims were barred by her failure to comply with Iowa Code section 85.23 (employee must give employer notice of injury within ninety days of occurrence of injury unless employer has actual knowledge of the injury) and Iowa Code section 85.26 (two-year statute of limitations). A hearing was held on February 15, 2005. On March 16, 2005, the deputy commis-

sioner filed an arbitration decision, which thoroughly discussed the medical evidence and testimony presented and found that Cooper failed to carry her burden of proof that she sustained an injury to either her knees or right shoulder that arose out of and in the course of her employment. Additionally, no doctor had opined that Cooper's other health conditions—depression, myofascial pain syndrome, and fibromyalgia—were caused by or aggravated by Cooper's work. Therefore, the deputy found it was unnecessary to reach Kirkwood's affirmative defenses.

On April 4, 2005, Cooper filed an application for a rehearing. The following day, Kirkwood filed a resistance to Cooper's application and an application for a rehearing requesting the deputy rule on its affirmative defenses. After granting both parties' applications for rehearing, the deputy issued a ruling on June 6, 2005. The deputy carefully considered and discussed the parties' arguments, and ultimately affirmed the decision filed March 16, 2005. On intra-agency appeal on May 16, 2006, the commissioner adopted the deputy's decision.

On June 5, 2006, Cooper petitioned for judicial review asserting that the agency incorrectly found her injuries were not work related and failed to award her benefits. Kirkwood answered, resisting Cooper's claims. Both parties briefed their arguments, with Kirkwood reasserting its two affirmative defenses. On November 15, 2006, Cooper filed a motion to dismiss Kirkwood's affirmative defense arguments. On January 26, 2007, the district court denied Cooper's motion to dismiss. The district court found that a ruling on Kirkwood's affirmative defenses would require certain fact-finding by the agency and remanded the case to the agency for a ruling on Kirkwood's affirmative defenses.

On remand, the commissioner entered an order stating that the deputy "is delegated authority to take final agency action" and the decision issued by the deputy "will be the final agency decision and will not be subject to intra-agency appeal to the workers' compensation commissioner." On August 23, 2007, the deputy entered a remand decision finding that Cooper's claims were barred by the notice provisions of Iowa Code section 85.23, but were not barred by the two-year period of limitations of Iowa Code section 85.26.

On August 31, 2007, Kirkwood filed an application for rehearing requesting the deputy reconsider its statute of limitations defense. Cooper did not respond to the application, but on September 12, 2007, petitioned for judicial review of the remand decision. On September 14, 2007, the deputy ruled on Kirkwood's application finding that Cooper's filing of a petition for judicial review deprived the agency of jurisdiction to rule on Kirkwood's application for rehearing and therefore, denied Kirkwood's application.

On June 5, 2008, the district court issued its ruling. Although Kirkwood had asserted that the district court did not have subject matter jurisdiction because Cooper did not petition for judicial review from a final agency decision, the district court found it did have subject matter jurisdiction to hear Cooper's petition. Next, the district court found that "the medical records and opinions provided by Dr. Coates, Dr. Bahls, and Dr. Riggins provide substantial evidence" for the agency's decision that Cooper did not establish she sustained a cumulative injury as a result of her work activities as custodian for Kirkwood on March 18, 2001, and that the agency applied the proper legal standards in reaching this decision. Additionally, the district court affirmed the agency's decision that Cooper's claims were barred by her failure

to comply with section 85.23, but that Cooper's claims were not barred by the statute of limitations. Cooper appeals.

## II. SUBJECT MATTER JURISDICTION.

 Kirkwood first argues that because Cooper did not petition for judicial review from a final agency action as required by Iowa Code chapter 17A.19, the district court lacked subject matter jurisdiction over the petition. "A court has inherent power to determine whether it has jurisdiction over the subject matter of the proceedings before it." *Klinge v. Bentien,* 725 N.W.2d 13, 15 (Iowa 2006) (citations and internal quotations omitted). We review rulings on subject matter jurisdiction for correction of errors at law. *Id.*

Subject matter jurisdiction is the power of a court to hear and determine cases of the general class [that] the proceedings in question belong, not merely the particular case then occupying the court's attention. Subject matter jurisdiction is conferred by constitutional or statutory power. The parties themselves cannot confer subject matter jurisdiction on a court by an act or procedure. Unlike personal jurisdiction, a party cannot waive or vest by consent subject matter jurisdiction.

*Id.* (internal citations and quotations omitted).

 A lack of subject matter jurisdiction can be raised at any stage in the proceedings. *Id.; Lloyd v. State,* 251 N.W.2d 551, 556 (Iowa 1977). "It is elementary that the court's first duty is to determine its jurisdiction to entertain and decide a case on its merits." *Lloyd,* 251 N.W.2d at 558. Once a court determines that it lacks subject matter jurisdiction over a claim, it has no power to enter a judgment on the merits and must dismiss the action. *Id.* "If a court enters a judgment without jurisdiction over the subject matter, the judgment is void and subject to collateral attack." *Klinge,* 725 N.W.2d at 15.[1]

 The issue in the present case is whether Cooper properly sought judicial review of an agency decision as procedurally required by Iowa Code chapter 17A. The judicial review provisions of chapter 17A are the "exclusive means [that] a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action." Iowa Code § 17A.19. A party must file a petition for judicial review according to the requirements of section 17A.19 in order for the district court to have jurisdiction to hear

---

1. Our supreme court has distinguished between subject matter jurisdiction and authority to hear a particular case. *See Klinge,* 725 N.W.2d at 16. A court may have subject matter jurisdiction, but lack authority to hear that particular case. *Id.* The distinction is significant because a lack of subject matter jurisdiction cannot be waived, whereas a lack of authority may be waived. *Id.* The present case concerns subject matter jurisdiction, and not authority. This is due to the nature of the case before the district court. "[W]e have distinguished cases involving a district court's appellate jurisdiction [of administrative proceedings] from those invoking its original jurisdiction." *Anderson v. W. Hodgeman & Sons, Inc.,* 524 N.W.2d 418, 420–21 (Iowa 1994). On a petition for judicial review of an administrative agency decision "the district court does not exercise original jurisdiction vested in it by the constitution. It exercises appellate jurisdiction conferred upon it by statute." *Iowa Pub. Serv. Co. v. Iowa State Commerce Comm'n,* 263 N.W.2d 766, 769 (Iowa 1978). "Where a party attempts to invoke the district court's appellate jurisdiction [of administrative proceedings], compliance with statutory conditions is required for the court to acquire jurisdiction." *Anderson,* 524 N.W.2d at 420–21. Our supreme court has specifically held that a party's failure to comply with the requirements of section 17A.19 results in a jurisdictional defect, and is not an issue of authority. *See id.* at 421 n. 2.

the petition. *See Sharp v. Iowa Dep't of Job Serv.,* 492 N.W.2d 668, 669 (Iowa 1992) ("A timely petition for judicial review to the district court is a jurisdictional prerequisite for review of final agency action."); *Ford Motor Co. v. Iowa Dep't. of Transp. Regulations Bd.,* 282 N.W.2d 701 (Iowa 1979) (discussing that the procedure prescribed by section 17A.19 must be followed and failure to follow the procedure results in a jurisdictional defect).

A party is only entitled to judicial review when the party "has exhausted all adequate administrative remedies" and "is aggrieved or adversely affected by [a] *final agency action.*" Iowa Code § 17A.19(1) (emphasis added). Section 17A.19 sets the time requirements for filing a petition for judicial review:

> If a party files an application under section 17A.16, subsection 2, for rehearing with the agency, the petition for judicial review must be filed within thirty days after that application has been denied or deemed denied. If a party does not file an application under section 17A.16, subsection 2, for rehearing, the petition must be filed within thirty days after the issuance of the agency's final decision in that contested case. If an application for rehearing is granted, the petition for review must be filed within thirty days after the issuance of the agency's final decision on rehearing....

*Id.* § 17A.19(3).

In the present case, after the district court remanded the case to the agency, the commissioner entered an order delegating authority to the deputy to issue the final agency decision and specified that the deputy's decision would not be subject to intra-agency appeal. *See id.* § 86.3 (providing the commission may delegate authority to a deputy to issue a final agency decision). Subsequently, the deputy issued a final decision and Kirkwood filed a timely application for rehearing. *See id.* § 17A.16(2) (providing any party may file an application for rehearing "within twenty days after the date of the issuance of any final decision by the agency in a contested case"). While Kirkwood's application for rehearing was pending, Cooper filed her petition for judicial review. As a result, the deputy did not rule on the merits of Kirkwood's application for rehearing because he concluded the agency was divested of jurisdiction. *See McCormick v. N. Star Foods, Inc.,* 533 N.W.2d 196, 199 (Iowa 1995) (discussing that where claimant filed a motion pursuant to Iowa Rule of Civil Procedure 1.904 and then the employer filed a petition for judicial review prior to the motion being ruled upon, the commissioner did not have jurisdiction to rule on the rule 1.904 motion); *see also Wolf v. City of Ely,* 493 N.W.2d 846, 848 (Iowa 1992) (discussing that in an original-jurisdiction district court case, a notice of appeal confers jurisdiction on the appellate court and divests the district court of jurisdiction to rule upon pending posttrial motions).

■ We find that under the present circumstances, Cooper's petition for judicial review was not filed according to the requirements of section 17A.19 and therefore, the district court did not have subject matter jurisdiction over the petition. First, we find that Cooper did not appeal from a final agency decision as required by section 17A.19. Following a final agency decision, a party may file an application for rehearing pursuant to section 17A.16(2). While the application for rehearing is pending, the final agency decision becomes in effect provisional or conditional until the application is ruled upon. *See IBP, Inc. v. Al–Gharib,* 604 N.W.2d 621, 628 (Iowa 2000) (stating that in an original-jurisdiction district court case, when a posttrial motion is pending *before* an appeal is tak-

en, the decision to which the motion is addressed is interlocutory until motion is ruled upon); *Wolf,* 493 N.W.2d at 848 (stating that when a posttrial motion is "pending prior to the taking of an appeal, the decree to which the motion is addressed becomes in effect interlocutory until the court rules upon the motion"). As a result, there is no final agency decision to seek judicial review of until the application for rehearing is ruled upon or deem denied if not ruled upon within twenty days after its filing. *See IBP, Inc.,* 604 N.W.2d at 628 (stating that if a nonmoving party appeals while a posttrial motion is pending, the appeal is not taken from a final judgment). When an application for rehearing is pending and the nonmoving party petitions for judicial review, the district court is without jurisdiction to hear the appeal and must therefore dismiss the petition for judicial review as not complying with section 17A.19. *See id.* That is the situation in the present case—Kirkwood's application for rehearing was pending when Cooper petitioned for judicial review.

In several cases, our supreme court has examined the same issue in the context of an appeal from an original jurisdiction district court case. *See e.g., IBP, Inc.,* 604 N.W.2d at 628; *Recker v. Gustafson,* 271 N.W.2d 738, 739 (Iowa 1978). If a posttrial motion is pending when an appeal is taken by the nonmoving party, the decision or judgment to which the motion is addressed is an interlocutory decision (until ruled upon by the district court) and the appeal is not from a final judgment. *IBP, Inc.,* 604 N.W.2d at 628. "In this situation, this court is without jurisdiction to hear the case and must therefore dismiss the appeal." *Id.* (citing *In re Marriage of Graziano,* 573 N.W.2d 598, 599 (Iowa 1998)); *Recker,* 271 N.W.2d at 739. However, the supreme court discussed in *IBP, Inc.* that the appellate rules have been amended to no longer require dismissal of

improvidently filed appeals and to essentially include a savings clause. Currently, the rules of appellate procedure provide for the review of interlocutory orders and if an appeal is improvidently taken from an interlocutory order, it may be treated as an interlocutory appeal. Iowa Rs. App. P. 6.104, 6.108; *IBP, Inc.,* 604 N.W.2d at 628.

Conversely, chapter 17A only allows for judicial review of a final agency action. Chapter 17A does not include a savings clause—there are no exceptions for petitions for judicial review prematurely filed while an application for rehearing is pending. Iowa Code § 17A.19. This chapter is the exclusive means a party may seek judicial review of an agency action. *Id.* "Judicial review of administrative agency action is a special proceeding [and] is in all respects dependent upon the statutes [that] authorize its pursuit." *Anderson v. W. Hodgeman & Sons, Inc.,* 524 N.W.2d 418, 420 n. 1 (Iowa 1994). Finally, the Rules of Appellate Procedure do not apply to cure a litigant's failure to comply with chapter 17A. *See Sharp,* 492 N.W.2d at 669–70 (discussing that the Iowa Rules of Civil Procedure did not apply to cure a party's failure to timely appeal an agency action according to chapter 17A); *Iowa Pub. Serv. Co. v. Iowa State Commerce Comm'n,* 263 N.W.2d 766, 769 (Iowa 1978) (discussing that a district court's review of an administrative agency may be had only upon compliance with the conditions imposed by chapter 17A and not general rules). Therefore, we find Cooper's petition for judicial review was not from a final agency action as required by section 17A.19 and the district court did not have jurisdiction to rule on the appeal.

Next, section 17A.19(3) explicitly requires that the agency rule on an application for rehearing prior to a party filing a petition for judicial review. According to

this section, if the agency files a final decision and neither party applies for rehearing, the parties have thirty days to file a petition for judicial review. However, this thirty-day filing deadline is only applicable where "a party does not file an application [for rehearing]." Iowa Code § 17A.19(3). As discussed above, the "final decision" becomes interlocutory and as a result there is no final decision from which to petition for judicial review. Section 17A.19 provides for a different timeline once a petition for rehearing is filed. It states that a "petition for judicial review *must* be filed within thirty days *after* that application has been denied or deemed denied" or if the application is granted, "within thirty days *after* the issuance of the agency's final decision on rehearing." Iowa Code § 17A.19(3) (emphasis added); *see Boehme v. Fareway Stores, Inc.*, 762 N.W.2d 142, 145 (Iowa 2009) ("When the language of a statute is plain and its meaning clear, the rules of statutory construction do not permit us to search for meaning beyond the statute's express terms."). We find the statutory language clearly requires a party to wait until the application has been resolved by the agency before filing for judicial review. As a result, Cooper's petition was not timely as required by section 17A.19 and therefore, the dis-

trict court did not have jurisdiction over the petition. *See Cerro Gordo County Care Facility v. Iowa Dep't of Job Service.*, 374 N.W.2d 673 (Iowa 1995) ("[T]he district court did not acquire jurisdiction because the petitioner did not file a timely petition for judicial review.").

Cooper replies that she should not have to wait until the agency has ruled on Kirkwood's application for rehearing before she petitions for judicial review.[2] We believe the opposite is true. If a nonmoving party was not required to wait until the agency ruled on the pending application for rehearing, the nonmoving party could thwart a potential adverse ruling by filing a petition for judicial review. Once that party petitions for judicial review, the agency may conclude that it is deprived of jurisdiction to resolve the application for rehearing. *See, e.g., McCormick*, 533 N.W.2d at 199. Thus, a party seeking to prevent the agency ruling on the application for rehearing could employ a strategy of petitioning for judicial review prior to the agency ruling.

We find that Cooper's petition for judicial review was not filed according to the requirements of Iowa Code chapter 17A. As a result, the district court lacked sub-

2. Cooper cites *McCormick v. North Star Foods, Inc.*, 533 N.W.2d 196, 199 (Iowa 1995) in support of her argument. In *McCormick*, the commissioner issued a ruling, after which the claimant filed a motion to amend or enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2) requesting the commissioner enlarge certain factual findings to determine the period of the claimant's benefits. While this motion was pending the employer's insurance carrier filed a petition for judicial review. On appeal of the district court's decision on judicial review, our supreme court examined the case on its merits. It also discussed that once the appeal was filed, the commissioner lost jurisdiction to rule on the motion to amend or enlarge. However, this case involved a motion to enlarge pursuant to Iowa Rule of Civil Procedure 1.904(2), rather than an application for rehearing as provided for by section 17A.16. *See Sharp*, 492 N.W.2d at 669–70 (discussing that the rules of civil procedure did not apply to cure a party's failure to timely appeal an agency action according to chapter 17A); *see also Cerro Gordo County Care Facility*, 374 N.W.2d at 673 (holding that where the employer's application for rehearing was void, and the employer's petition for judicial review was filed within thirty days of the initial agency decision, the district court acquired jurisdiction to review that agency decision). Most importantly, it does not appear that either party in *McCormick* raised subject matter jurisdiction as an issue.

ject matter jurisdiction to consider the petition and we in turn have no jurisdiction to consider the merits of the appeal. Therefore, we reverse and remand for the district court to enter an order of dismissal.

**REVERSED AND REMANDED FOR ORDER OF DISMISSAL.**

EISENHAUER, J., concurs.

VAITHESWARAN, J., dissents.

VAITHESWARAN, J., (dissenting).

I respectfully dissent. The majority concludes that the district court lacked subject matter jurisdiction to consider Cooper's petition for judicial review, which was filed within thirty days of the agency's final decision on remand but before the agency ruled on the employer's petition for rehearing. In concluding that Cooper's timely-filed petition must be dismissed, the majority relies on the language of section 17A.19(3) and precedent addressing untimely-filed petitions. I would reach a contrary conclusion.

Iowa Code section 17A.19(3) grants parties an extension of time to file a petition for judicial review in the event a petition for rehearing is filed. This provision affords a benefit to both parties. *See Fee v. Employment Appeal Bd.*, 463 N.W.2d 20, 22 (Iowa 1990). Although the provision uses the directory term "must," I believe that word, when read in context, simply prescribes the outer limits for filing a judicial review petition. A contrary reading could require a party to wait until the fortieth day after the agency's final decision before filing a petition for judicial review. *See* Iowa Code § 17A.16(2) (noting petition for rehearing must be filed within twenty days of final agency decision and is deemed denied twenty days after filing). This would eviscerate the prescribed thirty-day filing deadline identified in the same provision. Such a reading would also place the aggrieved party in the untenable position of having to rely on the other party's proper filing of a rehearing petition to trigger the time for filing its own judicial review petition. If the rehearing petition is later deemed improperly filed, the aggrieved party's petition for judicial review could be deemed untimely. In this scenario, a judicial review petitioner could be denied access to the court because of a byzantine timeline dictated by the other party. I am not convinced the legislature "intended ... such a trap." *Fee*, 463 N.W.2d at 22.

The majority also notes that a party cannot resort to other statutes or rules to extend the time for filing a petition for judicial review. I agree, but Cooper did not attempt to do so. *See Sharp v. Iowa Dep't of Job Serv.*, 492 N.W.2d 668, 670 (Iowa 1992) ("We hold that Iowa Rule of Civil Procedure 82(d) is inapplicable to *expand* the district court's judicial review jurisdiction by permitting an appeal of an Employment Appeal Board decision beyond the time limit specified for that purpose by the legislature." (emphasis added)). She filed her petition for judicial review within thirty days of the final remand decision. *See id.* at 669 ("A *timely* petition for judicial review to the district court is a jurisdictional prerequisite for review of final agency action." (emphasis added)). That fact, in my view, distinguishes this case from the precedent cited by the majority.

I would conclude that Cooper's petition for judicial review was timely and satisfied the procedural prerequisites of Iowa Code section 17A.19. Accordingly, I would reach the merits.