# IN THE COURT OF APPEALS OF IOWA

No. 15-1051
Filed June 15, 2016

**ODUAH D. OSARO, M.D. and CLINTON URGENT CARE, P.L.C,**
    Petitioners-Appellants,

**vs.**

**IOWA DEPARTMENT OF HUMAN SERVICES,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Robert A. Hutchison, Judge.

A physician appeals an agency decision denying his application for Medicaid-provider status. **AFFIRMED.**

Heather L. Campbell of Belin McCormick, P.C., Des Moines, for appellants.

Thomas J. Miller, Attorney General, and Amy C. Licht, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Bower and McDonald, JJ.

**MCDONALD, Judge.**

Dr. Oduah D. Osaro appeals the district court's judgment affirming the decision of the Iowa Department of Human Services (IDHS) to deny his application to become an Iowa Medicaid provider.

I.

Dr. Osaro was the sole physician practicing at Clinton Urgent Care Clinic. Dr. Osaro was an approved Medicaid provider for several years. In January 2013, it came to IDHS's attention that Dr. Osaro was charging some patients $190 per office visit without seeking reimbursement. After learning of Dr. Osaro's office visit policy, IDHS conducted an investigation. The investigation focused on Dr. Osaro's practices regarding the drug Suboxone, which is prescribed to ease withdrawal symptoms associated with heroin and other opiate addictions. Suboxone contains a Schedule III narcotic (buprenorphine) and may be prescribed only by certain physicians. The investigation showed from January 1, 2010, to March 18, 2013, Dr. Osaro wrote 221 Suboxone prescriptions for thirty Medicaid recipients with no corresponding office visit submitted to Medicaid for payment.

IDHS sent Dr. Osaro notice of termination as a Medicaid provider. The notice set forth three reasons for the termination:

1) Engaging in a course of conduct or performing an act which is in violation of state or federal regulations of the medical assistance program, or continuing that conduct following notification that it should cease.
2) Violations of any laws, regulations, or code of ethics governing the conduct of occupations or professions or regulated industries.

3) Documented practice of charging recipients for covered services over and above that paid for by the department, except as authorized by law.

Iowa Admin. Code. r. 441-79.2(2)(f), (*l*), (p). The letter also cited a federal law making it a crime for a Medicaid provider to

> knowingly and willfully solicit[] or receive[] any remuneration (including any kickback, bribe, or rebate) directly or indirectly, overtly or covertly, in cash or in kind . . . in return for referring an individual to a person or arranging for the furnishing of any item or service for which payment may be made in whole or in part under a Federal health care program.

42 U.S.C.A. § 1320a-7b(b)(1). Alternatively, IDHS alleged a violation of subsection (d)(1) of the same statute, which prohibited charging Medicaid patients a rate in excess of those established by the State. Alternatively, IDHS alleged a violation of Iowa's bribery statute. *See* Iowa Code § 722.1 (2011).

Dr. Osaro appealed the termination decision in March 2013. Following a contested case hearing, an administrative law judge issued a decision terminating Dr. Osaro's Medicaid-provider status. Dr. Osaro appealed that decision. On June 3, 2013, the agency issued its final decision terminating Dr. Osaro as a Medicaid provider. Dr. Osaro did not seek rehearing. *See* Iowa Code § 17A.16(2) (allowing any party to file application for rehearing after issuance of a final decision in a contested case); *Cooper v. Kirkwood Cmty. Coll.*, 782 N.W.2d 160, 166-67 (Iowa Ct. App. 2010). Nor did he file a petition for judicial review.

On or about July 26, 2013, Dr. Osaro applied for enrollment in the program. IDHS denied the application. IDHS returned the application without processing it because Dr. Osaro had been terminated from the program. Dr.

Osaro filed a request for a contested case hearing with IDHS on October 24. IDHS granted the request. At the hearing, Dr. Osaro argued the denial of his application was not permitted under Iowa law and that he was not prohibited from applying to the Iowa Medicaid program solely because of the prior decision terminating his provider status. He also made several arguments regarding the prior termination process and decision—namely, it failed to comply with substantive and procedural due process requirements. The agency upheld the denial of Dr. Osaro's application. Dr. Osaro filed a petition for judicial review of the agency decision denying his application for enrollment. The district court affirmed the final agency action. Dr. Osaro filed this appeal.

## II.

Our standard of review is for correction of errors at law. *See Eyecare v. Dep't of Human Servs.*, 770 N.W.2d 832, 835 (Iowa 2009). We apply the standards of the Iowa Administrative Procedure Act to agency action to determine if our conclusions are the same as those of the district court. *Sunrise Retirement Cmty. v. Iowa Dep't of Human Servs.*, 833 N.W.2d 216, 219 (Iowa 2013). We are bound by factual findings supported by substantial evidence. *Id.* Because IDHS has not been clearly vested with the authority to interpret its rules and regulations, we do not defer to its interpretation of them. *Id.* If our conclusions are the same as the district court, we affirm the judgment of the district court. "The burden of demonstrating . . . the invalidity of agency action is on the party asserting invalidity." Iowa Code § 17A.19(8)(a).

Dr. Osaro argues the prior termination decision did not preclude him from reapplying and did not allow IDHS to deny his application without review of its

merits (as IDHS concedes it did). IDHS regulations provided all licensed physicians were eligible to participate in the program. *See* Iowa Admin. Code. r. 441-77.1. It is true no IDHS regulation prohibited a terminated provider from reapplying. It is likewise true no IDHS regulation provided for summary rejection of such an application. It does not follow, as Dr. Osaro urges, that IDHS is thus *required* to approve his application solely because he is a licensed physician in Iowa. IDHS regulations provided, "'Termination from participation' means a permanent exclusion from participation in the medical assistance program." Iowa Admin. Code r. 441-79.2. To give effect to the termination decision and to avoid absurdity, IDHS must be allowed to deny an application of a licensed physician whom IDHS previously terminated (i.e., made subject to a "permanent exclusion") from participation in the program. Dr. Osaro's claim therefore fails. While the administrative scheme undoubtedly could have been better constructed, *see* Iowa Admin. Code r. 441-79.14(3)(b) ("The Iowa Medicaid enterprise shall deny enrollment to or shall immediately disenroll any person that the Iowa Medicaid enterprise, Medicare, or any other state Medicaid program has ever terminated under rule 441-79.2 or a similar provision") (effective January 1, 2015), Dr. Osaro's proposed loophole would have defeated the ability of the agency to terminate physicians from the program. We decline his prescription.

Dr. Osaro also asserts the district court erred in holding any collateral attacks on the termination decision were barred res judicata. Dr. Osaro then goes on to argue issue preclusion should not apply here because of various exceptions to the issue preclusion doctrine. His arguments are of no consequence here. Issue preclusion and claim preclusion are separate and

distinct concepts. *See, e.g.*, *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011). The district court held *claim* preclusion barred Dr. Osaro's collateral attacks on the termination decision. Dr. Osaro did not seek to enlarge or amend the district court's ruling. Error has not been preserved on this issue. *See* Iowa R. App. P. 6.903(2)(g)(1). In any event, we agree with the district court that Dr. Osaro is barred from relitigating the termination decision in this proceeding. *See Selchert v. State*, 420 N.W.2d 816, 818 (Iowa 1988) ("Res judicata as claim preclusion applies when a litigant has brought an action, an adjudication has occurred, and the litigant is thereafter foreclosed from further litigation on the claim.").

III.

The agency did not err in interpreting its regulations to deny Dr. Osaro's application to be a Medicaid provider. Dr. Osaro is barred from relitigating the agency decision terminating his status as a Medicaid provider.

**AFFIRMED.**