# IN THE COURT OF APPEALS OF IOWA

No. 25-0122
Filed December 3, 2025


**THIERRY MUNGANGA,**
      Petitioner-Appellant,

**vs.**

**IOWA WORKFORCE DEVELOPMENT, REACH FOR YOUR POTENTIAL, and CENTRO, INC.,**
      Respondents-Appellees.
_____


Appeal from the Iowa District Court for Johnson County, Mark D. Fisher, Judge.


An unemployment-benefits claimant appeals the district court's order denying his petition for judicial review of an agency decision requiring the claimant to repay overpaid benefits. **AFFIRMED.**


Dan Feltes (argued) of Iowa Legal Aid, Iowa City, and Lorraine Gaynor, Iowa City, for appellant.

Brenna Bird, Attorney General, Eric Wessan, Solicitor General, Halle Kissell (argued) and William C. Admussen, Assistant Solicitors General, and Andrew Greenberg, Assistant Attorney General, for appellee.


Heard at oral argument by Greer, P.J., and Schumacher and Ahlers, JJ.

**AHLERS, Judge.**

It is undisputed that Thierry Munganga was overpaid $5143 in unemployment benefits for which he did not qualify. When an audit revealed the overpayment, Iowa Workforce Development (IWD) notified Munganga that he would need to repay those monies to IWD. Munganga sought administrative review, and an administrative law judge (ALJ) determined that IWD had presented sufficient evidence of the amount of overpayment and concluded that Munganga must repay the overpayment. Munganga then sought judicial review in the district court under Iowa Code chapter 17A (2024). The district court agreed with the ALJ that Munganga is required to repay the overpayment. Munganga now appeals to this court.

At the heart of Munganga's appeal is his claim that his filing errors, which gave rise to the overpayment, stem from a language barrier. Munganga is a native French speaker. Yet IWD did not provide filing information or weekly online processing forms in French. So Munganga filed his weekly claims in English, a language in which he claims he is not fluent. Munganga contends IWD's failure to provide filing information in French amounts to a violation of his due process rights and Title VI of the Civil Rights Act of 1964.

We start by addressing whether Munganga's arguments relating to Title VI are properly before this court because IWD contests error preservation. "In reviewing agency action, the district court and the appellate court may only review issues considered *and decided* by the agency." *Klein v. Iowa Pub. Info. Bd.*, 968 N.W.2d 220, 235 (Iowa 2021) (emphasis added) (citation omitted). Here, Munganga argued to the ALJ that IWD violated Title VI. But the ALJ never

addressed that argument in its ruling, and Munganga did not file a motion for rehearing requesting the ALJ to do so. And "[w]hen an agency fails to address an issue in its ruling and a party fails to point out the issue in a motion for rehearing, we find that error on these issues has not been preserved" for our review. *KFC Corp. v. Iowa Dep't of Rev.*, 792 N.W.2d 308, 329 (Iowa 2010).

Munganga responds to IWD's error-preservation challenge by citing cases that state that a party is not required to file a motion for rehearing before seeking judicial review under chapter 17A. *See Ellis v. Iowa Dep't of Job Serv.*, 285 N.W.2d 153, 155–56 (Iowa 1979); *Kehde v. Iowa Dep't of Job Serv.*, 318 N.W.2d 202, 205 (Iowa 1982); *Cerro Gordo Cnty. Care Facility v. Iowa Dep't of Job Serv.*, 374 N.W.2d 673, 675 (Iowa 1985). But none of these cases are on point, as they address whether a motion for rehearing is necessary to exhaust administrative remedies before seeking judicial review, not whether a motion for rehearing is needed to preserve error. No one disputes that Munganga exhausted administrative remedies. But because the ALJ never addressed Munganga's Title VI argument and Munganga did not file a motion for rehearing asking the ALJ to do so, his Title VI claim is not preserved for our consideration.

Munganga also argues that Iowa Code section 96.3(7), as applied to him, violates due process. We review his claim de novo. *Endress v. Iowa Dep't of Human Servs.*, 994 N.W.2d 71, 76 (Iowa 2020). Section 96.3(7) provides in relevant part, "If an individual receives benefits for which the individual is subsequently determined to be ineligible, even though the individual acts in good faith and is not otherwise at fault, the benefits shall be recovered." But the substance of Munganga's argument is not focused on section 96.3(7) or its

requirement that an overpayment be paid back. Instead, he focuses on the underlying events that gave rise to the overpayment, namely the purported deficiencies in the filing materials and weekly wage reporting process that were not available to Munganga in French. He argues that IWD should have reasonably known he is a French speaker and provided information to him in French to comport with his due process rights. He concludes his argument by urging "[a]s a consequence of IWD's failure to comply with these vital [due process] requirements, IWD should be prohibited from now collecting on Mr. Munganga's overpayment from mistakes in the weekly claims processing as legal relief."

Munganga's argument fails to explain how section 96.3(7) itself violates his right to due process as applied to him. An individual is entitled to procedural due process when "a state action threatens to deprive [the individual] of a protected interest in life, liberty, or property." *Id.* at 77. But Munganga received both notice of IWD's audit of his benefits and the ensuing hearing wherein the overpayment was established. And Munganga participated in that hearing. So as to the determination of the overpayment and section 96.3(7)'s requirement that he pay it back, we find no procedural due process violation.

Additionally, even if we did find a violation of Munganga's due process rights when he filed for benefits each week without the benefit of French instructions, he provides no authority supporting his requested remedy of being excused from repaying the overpayment. And we can think of none. This is an instance where Munganga received more benefits than he was entitled to receive, not less. There is no basis for Munganga to receive the windfall of having his repayment obligation excused.

On a related note, relief from agency action on judicial review can only be granted when "substantial rights of the person seeking judicial relief have been prejudiced." Iowa Code § 17A.19(10). There is no dispute that Munganga received all benefits to which he was entitled. Even if he had been provided the instructions and filing materials in French, he would not have been entitled to any additional benefits. So Munganga has not shown that he was prejudiced by the agency action.[1]

Finally, Munganga argues that we are able to grant equitable relief under section 17A.19(10)(b), (c) for agency actions that violate any provision of law or an erroneous interpretation of the law not clearly vested in the discretion of the agency. So, he contends, we are able to exercise our authority to grant equitable relief to allow him to keep the overpayment. But our authority to grant equitable relief is not so expansive as to permit us to ignore a statutory mandate. Section 96.3(7) clearly requires the overpayment of unemployment benefits be repaid. We understand that repaying the overpayment may be a hardship for Munganga because he in good faith believed he was entitled to receive the benefits and may have spent them, but section 96.3(7) clearly applies to individuals

---

[1] We are not persuaded by Munganga's claim that he has been prejudiced because, if he doesn't repay what he owes, he will not be able to seek unemployment benefits should he become unemployed again, *see* Iowa Code § 96.3(7)(a) (providing that the IWD may withhold future unemployment benefits until the overpayment is recovered), and his future state income tax refunds will be subject to garnishment until the overpayment is repaid, *see id.* § 96.11(16). It is speculation to assume that Munganga will not repay the overpaid benefits, will have future unemployment for which he would otherwise be eligible for benefits, and will have future state income tax refunds that will be subject to garnishment. We decline to find prejudice to Munganga based on multiple instances of speculation.

even when they act in good faith and are "not otherwise at fault."  We decline to grant Munganga relief from the statutorily mandated obligation to repay the overpayment.

As the district court correctly denied Munganga's petition for judicial review, we affirm.

**AFFIRMED.**